## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-2064** |
| **WILLIAM E. TROTTER, II, et al.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a motion to dismiss filed by Defendant, William E. Trotter, II ("Trotter").[1] Trotter argues that this Court should refrain from hearing the above-captioned matter pursuant to the *Brillhart* abstention doctrine, as parallel litigation is proceeding in state court.  Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC"), opposes the motion.[2]  For the following reasons, the motion is **DENIED**.

### *Background*

The above-captioned matter arises from the sale of a home located at 6 and 8 Grand View Drive ("the home") in Youngsville, Louisiana.  According to NUFIC's complaint,[3] Trotter sold Michael M. Seago and Neva Ducote Seago ("the Seagos") the home on July 30, 2010, for $1,300,000.  Within days of moving in, the Seagos began noticing "sour smells" and having asthma attacks and other respiratory problems.  As a result, the Seagos hired

---

[1] R. Doc. 10.  Trotter also filed a reply memorandum.  *See* R. Doc. 22.

[2] R. Docs. 13, 25 and 30.

[3] R. Doc. 1.

a microbiologist who tested for, and confirmed, the presence of mold in the home.

Thereafter, the Seagos filed a lawsuit against Trotter in the Civil District Court for the Parish of Orleans, State of Louisiana, styled *Michael M. Seago and Neva Ducote Seago v. William E. Trotter, II*, Case No. 10-9362 (the "underlying lawsuit"). The Seagos' state court petition alleges that Trotter discovered mold growing in the home sometime after 2006. Trotter retained mold remediation specialists to rid the home of the mold, but despite extensive remediation efforts, these efforts were unsuccessful. According to the Seagos, Trotter listed the home for sale in 2010 because he was unable to fully remediate the mold problem. Despite having knowledge of the mold problem, Trotter allegedly informed the Seagos that the home was free of mold. The Seagos assert several claims against Trotter in the underlying lawsuit based on Trotter's alleged misrepresentations.

Audubon Insurance Company ("Audubon") issued a homeowner's insurance policy to Trotter for the period of May 26, 2009, to May 26, 2010 ("the policy"). The policy provides homeowner's liability coverage for "personal injury" and "property damage" that is caused by an "occurrence" during the policy period. Under the policy, an "occurrence" is defined as

> [a] loss or an accident, to which this insurance applies, including continuance or repeated exposure to substantially the same general harmful conditions, which occurs during the Policy Period and results in personal injury or property damage; or

> [a]n offense, to which this insurance applies, including a series of related offenses, committed during the Policy Period that results in personal injury or property damage.[4]

The policy further defines "property damage" as "physical injury to, destruction of, or loss

---

[4] R. Doc. 1 at p. 6.

of use of tangible property and the resulting loss of its use."[5]  The policy also contains an exclusion which precludes coverage for intentional acts.[6]  Trotter tendered the underlying lawsuit to Audubon for a defense and indemnity.  Audubon agreed to provide Trotter with a defense, subject to a reservation of Audubon's right to deny coverage under the policy.

Invoking this Court's diversity jurisdiction,[7] NUFIC, as successor by merger to Audubon, initiated the above-captioned matter pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201) and Rule 57 of the Federal Rules of Civil Procedure.  Trotter and the Seagos are named as defendants.  NUFIC seeks a declaratory judgment from this Court that no coverage exists under the policy for the Seagos' claims asserted against Trotter in the underlying lawsuit because (1) all of the Seagos' claims arise out of Trotter's alleged misrepresentations, which are not "occurrences" within the meaning of the policy, (2) the damages for which the Seagos seek to recover do not constitute "property damage" within the meaning of the policy, and (3) Trotter's misrepresentations are excluded intentional acts within the meaning of the policy's intentional acts exclusion.

In his motion, Trotter urges the Court to dismiss this matter under the doctrine of *Brillhart* abstention,[8] arguing that the underlying lawsuit is parallel state litigation in which NUFIC's claims may be fully adjudicated without the need for duplicative proceedings before this Court.  NUFIC responds that there is no parallel state litigation and thus

---

[5] R. Doc. 1 at p. 6.

[6] R. Doc. 1 at p. 6.

[7] NUFIC alleges that diversity jurisdiction pursuant to 28 U.S.C. § 1332 is proper because all parties are diverse and the amount in controversy exceeds $75,000, exclusive of costs and interests.

[8] *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942).

abstention is inappropriate given the facts of this case.

### Law and Analysis

Trotter requests the Court to decline to hear this lawsuit because the Declaratory Judgment Act[9] "gives district courts broad discretion to abstain from hearing federal declaratory judgment actions while pending state court proceedings involve related facts or issues between the same parties."[10]  This principle was first announced in *Brillhart v. Excess Insurance Company of America.  See Brillhart*, 316 U.S. 491, 495 (1942) ("[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by a federal law, between the same parties.").  In *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the U.S. Supreme Court clarified that a district court's decision to decide or dismiss a declaratory judgment action is in fact discretionary.  *See Wilton*, 515 U.S. at 289-90 ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."); *compare Brillhart*, 316 U.S. 491 (1942) *with Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

The United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") has

---

[9]  The Declaratory Judgment Act provides that

> [i]n a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. 2201(a).  The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

[10]  R. Doc. 10-1 at p. 2.

established a three-step inquiry for a district court to consider when determining whether

to dismiss a declaratory judgment action under the *Brillhart*:

> First, the court must determine whether the declaratory action
> is justiciable. Typically, this becomes a question of whether an
> "actual controversy" exists between the parties to the action.
> . . . Second, if it has jurisdiction, then the district court must
> resolve whether it has the "authority" to grant declaratory relief
> in the case presented. . . . Third, the court has to determine
> how to exercise its broad discretion to decide or dismiss a
> declaratory judgment action.

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). Trotter does not

contend that NUFIC's declaratory action is non-justiciable,[11] nor does he contend that the

Court lacks authority to grant the declaratory relief NUFIC requests. Consequently, the

Court's inquiry focuses on the third step set forth in *Orix* – whether the Court should

exercise its discretion to hear or to dismiss the above-captioned matter.

In the Fifth Circuit, a district court must consider the seven non-exclusive *Trejo*

factors when determining if it will decline to exercise its discretion to hear a declaratory

judgment action. These factors include:

> (1) whether there is a pending state action in which all of the
> matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit
> filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing
> the suit;
>
> (4) whether possible inequities in allowing the declaratory

---

[11] The Court is mindful of the fact that the parties cannot consent to subject matter jurisdiction, but the Court is satisfied that NUFIC's complaint presents an "actual controversy," and is therefore justiciable. *See Orix*, 212 F.3d at 896 ("As a general rule, an actual controversy exists where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.") (internal quotation marks and citation omitted).

plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 (5th Cir. 2003) (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994)); *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001) ("The seven *Trejo* factors . . . must be considered *on the record* before a discretionary, nonmerits dismissal of a declaratory judgment action occurs." (emphasis in original)); *see also RLI Ins. Co. v. Wainoco Oil & Gas Co.*, 131 F. App'x 970 (5th Cir. 2005). The *Trejo* factors seek to balance three broad policy considerations: (1) federalism and the allocation of decision-making between state and federal courts; (2) fairness and the risk of improper forum shopping; and (3) efficiency and judicial economy. *Sherwin-Williams*, 343 F.3d at 390-91.

"The first and seventh *Trejo* factors address the proper allocation of decision-making between state and federal courts." *Nat'l Cas. Co. v. Tom's Welding, Inc.*, 2012 WL 2064451, at *5 (E.D. La. June 7, 2012) (Africk, J.). Trotter submits that the underlying lawsuit is parallel state court litigation in which all matters may be fully litigated. However, after Trotter filed the instant motion to dismiss, the presiding judge in the underlying lawsuit granted NUFIC's exception of no cause of action and dismissed all claims asserted against

NUFIC.[12]  Consequently, NUFIC is no longer a party to the underlying lawsuit and the coverage issues implicated in the above-captioned matter will not be decided in that case. Thus, NUFIC contends that *Brillhart* abstention is inappropriate because there is no parallel state court proceeding.

The Fifth Circuit has held that a "*per se* rule requiring a district court to hear a declaratory judgment action is inconsistent with the discretionary *Brillhart* and *Wilton* standard." *Sherwin-Williams*, 343 F.3d at 394.  At the same time, "the presence or absence of a pending parallel state proceeding is an important factor" and the "absence of any pending related state litigation strengthens the argument against dismissal of the federal declaratory judgment action." *Sherwin-Williams*, 343 F.3d at 394.  Given that NUFIC has been dismissed from the underlying lawsuit, no parallel state court litigation exists and the first factor weighs in favor of exercising federal jurisdiction.  Likewise, given that the Court is not being called on to construe any state court decree in NUFIC's lawsuit before this Court, the seventh factor also weighs in favor of the Court exercising its discretion to hear this matter.

"The second, third, and fourth [*Trejo*] factors address 'fairness' concerns with respect to forum selection and they help to determine whether the plaintiff is using the declaratory judgment action process 'to gain access to a federal forum on improper or

---

[12] NUFIC was not added as a defendant in the underlying lawsuit until the Seagos filed their third supplemental and amending petition on December 28, 2012, more than four months after NUFIC instituted the above-captioned matter and more than two years after the Seagos first initiated litigation against Trotter.  *See* R. Docs. 13 and 30 and the attachments thereto.  The Seagos sought to hold NUFIC liable for Trotter's acts pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. § 22:1269.  In its exception of no cause of action, NUFIC argued that because the Seagos' claims sounded in breach of contract, rather than tort, the Seagos could not proceed against NUFIC pursuant to the Louisiana Direct Action Statute.  The presiding state court judge agreed and granted NUFIC's exception on March 25, 2013. *See* R. Doc. 30-1.

unfair grounds.'" *Tom's Welding, Inc.*, 2012 WL 2064451, at *6 (quoting *Sherwin-Williams*, 343 F.3d at 391).  With respect to the second *Trejo* factor, there is no clear indication that NUFIC filed this action in an attempt to "race to *res judicata*" or to thwart some advantage the Seagos gained by initiating proceedings in state court.  *See Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 779 (5th Cir. 1993).  Regarding the third factor, NUFIC did not engage in forum shopping because the underlying lawsuit is pending in Orleans Parish, a parish within the Eastern District of Louisiana.[13] As to the fourth factor, Trotter has not identified any inequity that might result in allowing NUFIC to proceed with these claims in federal court.  Thus, the second, third and fourth factors counsel in favor of the Court exercising its discretion to hear this matter.

"The fifth and sixth *Trejo* factors fall under the efficiency category." *Tom's Welding*, 2012 WL 2064451, at *6.  Given that the underlying lawsuit is pending in Orleans Parish, the same parish in which the U.S. District Courthouse for the Eastern District of Louisiana is located, federal court is no less convenient for the parties and witnesses.  Finally, as to whether retaining the lawsuit would serve the purposes of judicial economy, the Court notes that the Seagos claims against NUFIC have been dismissed in the underlying lawsuit and Trotter has not asserted any claims against NUFIC in the underlying lawsuit.  Consequently, all of NUFIC's requests for declaratory relief may be decided by this Court in the first instance.  Thus, the fifth and sixth *Trejo* factors also weigh in favor of the Court exercising its discretion to hear this matter.

---

[13] R. Doc. 1.  The contract for sale between Trotter and the Seagos was executed in either Jefferson Parish or Orleans Parish, both of which are in the Eastern District of Louisiana.  *See* R. Doc. 25-1 at p. 3.

### *Conclusion*

"'The term abstention refers to judicially created rules whereby federal courts may not decide some matters before them even though all jurisdictional and justiciability requirements are met.'" *Chisom v. Jindal*, 890 F. Supp. 2d 696, 718 (E.D. La. 2012) (Morgan, J.) (quoting Erwin Chemerinsky, *Federal Jurisdiction* 811 (6th ed. 2012)). Indeed, the power of the federal courts is a limited one and the doctrines of abstention are grounded in rules of comity and federalism, created to prevent unnecessary intrusion by the federal court into a state's power to hear and decide state law issues. Nevertheless, given that all *Trejo* factors counsel in favor of exercising the Court's jurisdiction, abstaining under *Brillhart* is not warranted.

Accordingly, for the reasons assigned,

**IT IS ORDERED** that Trotter's motion to dismiss is **DENIED**.

**New Orleans, Louisiana, this 28th day of May, 2013.**

<u>_____</u>
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**